## AFFIDAVIT OF POSTAL INSPECTOR DELANO L. WATKINS

DELANO L. WATKINS, being duly sworn, deposes and states as follows:

## INTRODUCTION

1. I am a Postal Inspector employed by the United States Postal Inspection Service. I have been so employed for eighteen months. I am presently assigned to the Mail Fraud Team, Washington Division, Washington Field Office. In that role, I investigate suspected violations of the mail fraud statute, Title 18, United States Code, Section 1341, and other federal white collar crimes. I also have nine years of experience as a Special Agent of the Internal Revenue Service, in the Baltimore Field Office.

2. The information contained in this affidavit is based on my personal knowledge and observations accumulated during the course of this investigation; on information conveyed to me by other law enforcement personnel; and on my review of documents. The affidavit is submitted for the limited purpose of establishing probable cause in support of this application for a seizure warrant, and thus it does not contain every fact known by me or the United States.

3. This affidavit is in support of a seizure warrant for the following item:

- **an automobile, more particularly described as a 2006 BMW 325, with Vehicle Identification Number ("VIN") WBAVB13536KR62980, and now having District of Columbia license plate number CF9746.**

## PURPOSE OF APPLICATION AND LEGAL DISCUSSION

4. The United States Postal Inspection Service is investigating allegations that Charles Joseph Clifton ("CLIFTON") defrauded his former employer, the American Society of International Law ("ASIL"), of more than $300,000.00.

5.      This affidavit is submitted in support of an application for a warrant to seize the vehicle described, based upon authority variously given in one or more of the following statutes: U.S.C. § 981(b), 18 U.S.C. § 982(b), which incorporates provisions of 21 U.S.C. § 853(f), and 28 U.S.C. § 2861.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that, on or about May 10, 2005, CLIFTON used ASIL's bank account to wire ASIL's funds to a BMW dealership to purchase for himself — and not for his employer — a 2006 BMW 325 automobile. The 2006 BMW 325 was purchased with stolen funds and is traceable to proceeds of a wire fraud scheme and/or constitutes property involved in money-laundering. The vehicle is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C), which provides for the forfeiture of property constituting or derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343. It is also subject to seizure and forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money-laundering offense in violation of 18 U.S.C. §§ 1956, 1957. Additionally, the vehicle is subject to seizure pursuant to the provisions of the criminal forfeiture law in 18 U.S.C. 982, and with reference to 28 U.S.C. § 2861.

## PROBABLE CAUSE

7.      ASIL is a nonprofit, nonpartisan, educational membership organization founded in 1906 and chartered by Congress in 1950. ASIL's mission is to foster the study of international law and to promote the establishment and maintenance of international relations on the basis of law and justice. ASIL is located at 2223 Massachusetts Avenue in Northwest, Washington, D.C.

5.      This affidavit is submitted in support of an application for a warrant to seize the vehicle described, based upon authority variously given in one or more of the following statutes: U.S.C. § 981(b), 18 U.S.C. § 982(b), which incorporates provisions of 21 U.S.C. § 853(f), and 28 U.S.C. § 2861.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that, on or about May 10, 2005, CLIFTON used ASIL's bank account to wire ASIL's funds to a BMW dealership to purchase for himself — and not for his employer — a 2006 BMW 325 automobile. The 2006 BMW 325 was purchased with stolen funds and is traceable to proceeds of a wire fraud scheme and/or constitutes property involved in money-laundering. The vehicle is subject to seizure and forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(C), which provides for the forfeiture of property constituting or derived from proceeds traceable to wire fraud, in violation of 18 U.S.C. § 1343. It is also subject to seizure and forfeiture pursuant to 18 U.S.C. § 981 (a)(1)(A), which provides for the forfeiture of any real or personal property that is involved in a money-laundering offense in violation of 18 U.S.C. §§ 1956, 1957. Additionally, the vehicle is subject to seizure pursuant to the provisions of the criminal forfeiture law in 18 U.S.C. 982, and with reference to 28 U.S.C. § 2861.

## PROBABLE CAUSE

7.      ASIL is a nonprofit, nonpartisan, educational membership organization founded in 1906 and chartered by Congress in 1950. ASIL's mission is to foster the study of international law and to promote the establishment and maintenance of international relations on the basis of law and justice. ASIL is located at 2223 Massachusetts Avenue in Northwest, Washington, D.C.

8.      CLIFTON was hired by ASIL in or about November 2004 as a Staff Accountant.  In or about March 2005, CLIFTON received a promotion to Controller.  CLIFTON was paid a salary for his work and was not entitled to *ad hoc* wire transfers out of ASIL's bank accounts.  In or about 2008, CLIFTON's annual salary was $75,705.00.  CLIFTON is a resident of the District of Columbia.

9.      At the time of applying for this warrant, ASIL has in past maintained a bank account at Bank of America, ("BOA"), Account No. 9345.

10.     As part of his job handling ASIL's finances, CLIFTON became aware of ASIL's various bank accounts.  More important, CLIFTON learned how to wire funds out of ASIL's BOA Account No. 9345.

11.     On or about May 10, 2005, $48,758.33 was wired out of ASIL's BOA Account No. 9345 at approximately 4:27 p.m. to a payee indicated as "Sonic-Manhattan Fairfax."  A records check of that entity revealed that it is a corporate name for BMW of Fairfax, an automobile dealership located in Fairfax, Virginia.

12.     On or about May 10, 2005, BMW of Fairfax sold a 2006 BMW 325 to CLIFTON for $48,758.33.  The VIN for this vehicle purchased on May 10, 2005, is WBAVB13536KR62980.  CLIFTON registered this vehicle in the District of Columbia.

13.     CLIFTON did not have authority to wire $48,758.33 out of ASIL's account to purchase an automobile for his use.  ASIL was not aware, nor did it approve, of CLIFTON's actions.  Moreover, ASIL never received possession, custody, or control of the vehicle purchased through the May 10, 2005, transfer of funds from its account.

14. In addition to stealing ASIL funds to purchase a 2006 BMW, between 2005 and up to the present, CLIFTON repeatedly stole other ASIL funds by causing funds to be wired to his personal bank account from ASIL's BOA Account No. 9345. For example, on or about July 10, 2008, CLIFTON caused BOA to transfer $4,500.00 out of ASIL's Account No. 9345 to his bank account. Similarly, on or about July 24, 2008, CLIFTON caused BOA to wire $2,500.00 out of ASIL's Account No. 9345 to own bank account. CLIFTON did not have authority to wire any funds out of ASIL's accounts into his own accounts, and he was not otherwise entitled to such funds.

15. The investigation is ongoing, and your affiant continues to find similar, unauthorized transfers from ASIL's accounts to CLIFTON.

16. Based on the information contained in this affidavit, there is probable cause to believe that the funds used to purchase the $48,758.33 2006 BMW 325, VIN WBAVB13536KR62980, were stolen from ASIL and that the vehicle is therefore subject to seizure and forfeiture. It is requested that a seizure warrant be issued for the 2006 BMW 325 with VIN WBAVB13536KR62980 now possessed and controlled by CLIFTON.

                                         _____
                                         Delano L. Watkins, Postal Inspector

Sworn to and subscribed before me on this_____day of December, 2008.

_____
United States Magistrate Judge